UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **BENJAMIN MICHAEL PERICO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:24-CV-01518-DII |
| ) | |
| **TAX TIGER INC., TAX TIGER** ) | |
| **FRANCHISING LLC, BRADSHAW** ) | |
| **FINANCIAL SERVICES INC.,** ) | |
| ) | |
| **Defendants** ) | |

### MOTION TO DISMISS BASED ON *FORUM NON CONVENIENS*

Defendants Tax Tiger Inc. and Tax Tiger Franchising LLC (the "Tax Tiger Defendants"), having previously moved for a transfer of venue to the U.S. District Court for the Eastern District of California (Dkt. 4), now in the alternative request that the court dismiss this case based on the doctrine of *forum non conveniens*. The case should be dismissed without prejudice, but the court should direct the plaintiffs to do any refiling in the state or federal courts of California.[1]

A removed action is appropriate for *forum non conveniens* dismissal, as noted by the Fourth Circuit in *Prack v. Weissinger*, 276 F.2d 446 (4th Cir. 1960), *cited in Torreblanca de Aguilar v. Boeing Co.*, 806 F. Supp. 139, 144 (E.D. Tex. 1992). When a removed case meets the criteria for *forum non conveniens*, the proper remedy is dismissal rather than remand. *Torreblanca*, 806 F. Supp. at 144, *citing Prack*, 276 F.2d at 450; *Nolan v. Boeing Co.*, 919 F.2d 1058, 1070 (5th Cir. 1990).

---

[1] *See Sullivan Environmental Services, Inc. v. Greenberg, Grant, and Richards Inc.*, No. 3:24-CV-2010, 2024 WL 5274518 at *3 (Dec. 3, 2024) (dismissing case on *forum non conveniens* grounds, and directing the plaintiffs to refile, if at all, in the state courts of Kansas).

1

When a federal court in this circuit considers *forum non conveniens* dismissal in a removed action (or any action where its subject matter jurisdiction is based on diversity), it uses federal *forum non conveniens* standards. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58-59 (5th Cir.1993), *citing, inter alia, Nolan v. Boeing Co.*, 919 F.2d 1058, 1070 (5th Cir. 1990). The federal standards for *forum non conveniens* dismissal are identical to those for transfer of venue under 28 U.S.C. § 1404(a). *Sullivan Environmental Services, Inc., v. Greenberg, Grant, and Richards, Inc.*, No. 2:24-CV-210, 2024 WL 5274518 at *2 (S.D. Tex. Dec. 3, 2024). Accordingly, this court has discretion to decide *forum non conveniens* dismissal before deciding the pending motion for remand, under the reasoning of *McPeters v. LexisNexis*, No. SA-11-CA-154-FB, 2011 WL 13253948 at *2 (W.D. Tex. May 27, 2011), *citing Huntsman Corp. v. International Risk Insurance.Co.*, No. 1:08-CV-029, 2008 WL 1836384 at *3 (E.D. Tex. Apr. 22, 2008). Also accordingly, the argument below will partly duplicate the argument presented in Dkt. 4.

## **STANDARDS**

A federal court has discretion to dismiss a case on *forum non conveniens* grounds if a foreign court provides a more appropriate and convenient forum. *Chongqing Quilong Technology Corp. Ltd. v. Tanli Power Technology Co., Ltd.*, No. 1:23-CV-00442-RP, 2024 WL 4448843 at *1 (W.D. Tex Sept. 19, 2024), *citing Sinochem International Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422, 425 (2007). The defendant bears the burden of bringing enough information for the court to balance the appropriate interests. *Chongqing Quilong*, 2024 WL 4448843 at *1, *citing Piper Air Co. v. Reyno*, 454 U.S. 235, 258 (1981).

To obtain dismissal, a defendant must demonstrate the existence of an available and adequate alternative forum. *Chongqing Quilong*, 2024 WL 4448843 at *2, *citing Vasquez v.

*Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003); *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1165 (5th Cir. 1987). If such a forum exists, the defendant must demonstrate that the balance of relevant private- and public-interest factors favors dismissal. *Chongqing Quilong*, 2024 WL 4448843 at *2, *citing Vasquez*, 325 F.3d at 571; *In re Air Crash*, 821 F.2d at 1165. "Unless the private- and public-interest factors 'strongly' favor the defendant's proposed forum, 'the plaintiff's choice of forum should rarely be disturbed.'" *Chongqing Quilong*, 2024 WL 4448843 at *2, *quoting Tellez v. Madrigal*, 223 F.Supp.3d 626, 634 (W.D. Tex. 2016).

The public and private interest factors for federal *forum non conveniens* dismissal are the same as for venue transfer. The private interest factors include (1) the relative ease of access to sources of proof, (2) the availability of compulsory process to secure the attendance of witnesses, (3) the cost of attendance for willing witnesses, and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Vasquez*, 325 F.3d at 672, *compare In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The public interest factors include (1) the administrative difficulties caused by court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Vazquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 674 (5th Cir. 2003), *compare In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

## **FACTS**

The plaintiff brought this action in the District Court of Hays County, Texas, against three defendants: the Tax Tiger Defendants and Bradshaw Financial Services, Inc. ("Bradshaw"). As shown by the Plaintiff's Original Petition ("Petition"), ¶¶ 7-10, all three defendants are

California business entities.   The Tax Tiger Defendants maintain their principal offices in Sacramento, California, in the Eastern District of California.  Petition ¶¶ 7-8.

The plaintiff states that he was employed directly by Bradshaw, a franchisee of the Tax Tiger Defendants, which was doing business as "Tax Tiger of San Diego."  Petition ¶ 23.  He claims that Bradshaw first had difficulty paying him, then failed to pay him.  Petition ¶¶ 25, 27, 31.  He also claims that Bradshaw retaliated against him for reporting wrongdoing by another employee, by "pausing his leads" in violation of the California Whistleblower Protection Act, California Labor Code 1102.5.  Petition ¶¶ 33, 63.  Elsewhere, he explains the meaning of this phrase: Bradshaw was giving him "reduced work."  Petition ¶ 54.

The plaintiff claims various reasons for asserting that the Tax Tiger Defendants are liable for these actions (or inactions) by Bradshaw.  Each of these reasons strengthens the case's ties to California rather than Texas:

> (1)  The plaintiff says that the Tax Tiger Defendants disregarded their franchise agreements with Bradshaw.  Petition ¶¶ 12, 34, 36.  The Franchise Agreement in question is a California contract between two California entities.  It specifically provides that disputes over this agreement shall be arbitrated in Sacramento County, California, and that "the exclusive venue for disputes between them, other than an arbitration proceeding…shall be the state and federal courts of Sacramento County, California." The contract is to be governed by "the substantive laws of the state in which the Office Location is located," i.e., California. Petition, Ex. B., ¶¶ 22.1, 22.3.
>
> (2) The plaintiff says the Tax Tiger Defendants "controlled many aspects of the Franchisees' employees training, and compensation." Petition ¶ 35.  This includes the Tax Tiger Defendants publishing "commission and compensation policies for [its] franchisees' employees and contractors" and "exercis[ing] ultimate control in arbitrating which franchisee was responsible for paying which employee/contractor."  Petition ¶ 35 & Exhs. C, D.  The exhibits that support this proposition are communications between the Tax Tiger Defendants and their franchisee Bradshaw, i.e., between two California entities.  The plaintiff also states that Kathleen Hill, CEO of the the Tax Tiger Defendants "trained and managed [the plaintiff] personally in California." Petition ¶ 13.  More broadly and vaguely, the plaintiff states that Hill "maintain[s] complete control over every aspect of the Tax Tiger Entities [including Bradshaw]," Petition ¶¶ 15, i.e., one California business entity is supposed to be controlling another California business entity in a way that leads to liability.

4

(3)  With respect to his breach of contract claim, the plaintiff argues that Bradshaw failed to pay him because the Tax Tiger defendants "controlled" the payments from Bradshaw and "enforced" commission policy on Bradshaw that caused him not to be paid. Petition ¶¶ 47-48.  Again, this is one California business controlling another one.

(4) With respect to his quantum meruit claims, the plaintiff argues that all the defendants were enriched by his labor, on the same grounds as his breach of contract claim.  Petition ¶ 53.

(5) With respect to the civil conspiracy claim, the plaintiff is alleging a conspiracy between Bradshaw and the Tax Tiger Defendants, i.e., between two California business entities. Petition ¶¶ 57-58.

(6) With respect to his conversion of services claim, the plaintiff is claiming that the defendants committed "theft of services," on the same grounds as his breach of contract claim. Petition ¶ 61.

(7) In his final claim, the plaintiff claims violation of California Labor Code § 1102.5, based on Bradshaw's reduction in his workload and on his status as "an employee of the Tax Tiger Office based in California."  Petition ¶¶ 62-63.  He claims that the "Tax Tiger Entities" are all liable for this retaliation, presumably based on the "control" theories expressed earlier.

## ARGUMENT

**I. The Eastern District of California and the state courts of California are available and adequate for this action.**

As shown in *Chongquin Quilong*, 2024 WL 4448843 at *2, a forum is "available" if "the entire case and all parties can come within its jurisdiction," and it is "appropriate" if the parties will not be deprived of all remedies or treated unfairly.  As the state and federal courts of California are American courts, and as the defendants all reside in California, the state and federal courts of California are available, adequate, and appropriate for this action.[2]

---

[2] As noted in Dkt. 4, venue would lie in the U.S. District Court for the Eastern District of California under 28 U.S.C. § 1391(b)(1)-(2).  All the defendants are California businesses with their principal places of business in California, and the Tax Tiger defendants have their principal place of business in Sacramento, which lies within the Eastern District  Petition ¶¶ 7-10.  Furthermore, as shown above, all the alleged actions by the Tiger Tax Defendants are supposed to have taken place in California.  The plaintiff's entire theory of liability against the Tiger Tax Defendants is that these defendants exercised control over Bradshaw, a California LLC headquartered in California and doing business as "Tax Tiger San Diego," and so are somehow responsible for Bradshaw's failure to pay him.  One California business was allegedly controlling another California business in California, and was doing so from

A federal action in California (or any federal district court) would meet the jurisdictional requirements of 28 U.S.C. § 1332. The plaintiff is a resident of the state of Texas, and the defendants are all incorporated in the State of California. Petition, ¶¶ 6-10. The plaintiff originally sought damages exceeding $43,000, plus special and exemplary damages and attorney's fees. According to a declaration filed in the state court, plaintiff's counsel claimed to have accumulated attorney's fees of over $22,000 as of December 13, 2024 (i.e., two days after the Tax Tiger Defendants filed their notice of removal in this court), and to be charging $350/hour for his time. Dkt 7, p. 654-55. Thus, the amount in controversy will easily exceed $75,000 based on the original claim and attorney's fees alone. The district courts of California would have diversity jurisdiction over this case. Also, the Superior Courts of California are courts of general jurisdiction, and therefore able to try cases like this one. *See Boone v. Salcedo*, NO. 1:20-CV-1037, 2020 WL 5070205 at *3 (E.D. Cal. Aug. 27, 2020).

## II. The public and private interest factors used in the Fifth Circuit favor transfer to the Eastern District of California.

The factors listed in *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 672-74 (5th Cir. 2003) favor dismissal. Under that case, the courts of this circuit consider "private" concerns including (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. They also considers "public" concerns including include (1) the administrative difficulties caused by court congestion; (2) the local interest in having localized interests decided at home;

---

its headquarters in Sacramento. Furthermore, the alleged "omission"—Bradshaw's failure to send money to the plaintiff—also occurred in California.

(3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. 325 F.3d at 672-74.

**Private Concerns.** With respect to private concerns, the Petition mentions only four potential witnesses. The plaintiff himself resides in Hays County, Texas. Petition ¶ 6. The other witnesses are California residents connected with the defendants: Kathleen Hill (Petition ¶¶ 8, 12); Kaitlynn Bradshaw (Petition ¶¶ 10, 28); and Julia Dunbar (Petition ¶¶ 28, 57; Petition ¶ 31 describes Ms. Dunbar as controlling "Tax Tiger – Bay Area" and Petition Ex. G, gives her address in Fairfield, California).[3] The business entities are all California businesses headquartered in California.

The acts and omissions complained of likewise took place in California, implying that the witnesses and other sources of proof (other than testimony from the plaintiff himself) are located in California rather than Texas. Bradshaw's "omission"—its alleged failure to send money to the plaintiff—occurred in California. The plaintiff's claims against the Tax Tiger defendants are for allegedly exercising control over Bradshaw, meaning that one California business entity was controlling another one in California. It was allegedly doing so in violation of a franchise agreement, which the plaintiff attaches to his Petition and which by its terms is governed by California law, with a choice-of-forum clause selecting the state and federal courts of Sacramento, California. Petition, ¶¶ 12, 34, 36. & Ex. B., ¶¶ 22.1, 22.3. A lawsuit about the

---

[3] The petition mentions other individuals and entities whose actions have little or nothing to do with Bradshaw or the Tax Tiger Defendants' alleged control over Bradshaw. These include John Paul Krueger (who offered the plaintiff a different job with a different Tax Tiger franchisee in 2011) and Michael Call (who managed another Tax Tiger franchisee called Jordison LLC). Petition ¶¶ 18-19. The petition mentions that Jordison LLC was not registered to operate in Texas, and was referred to as "Tax Tiger – San Diego." Another company, United Partners Limited, was a Delaware LLC that took over Tax Tiger – San Diego. Petition ¶ 21. Another entity mentioned in the petition was referred to as "Tax Tiger San Francisco (Bay Area)." Petition ¶ 22. As the Tax Tiger defendants noted in the state court, Mr. Call and Mr. Krueger are both California residents. Dkt. 8, p. 97. The information provided in the Petition itself is enough to show that these witnesses and entities—to the extent they have anything to do with the allegations in this case—do not link this case with Texas, but further link it with California. Any information or witnesses from these entities will be easier to obtain in California than in Texas.

relations between California businesses governed by a California contract will need to draw its proof—if there is any proof—from California.

Any witnesses to the workings of the Tax Tiger Defendants and to their alleged control over Bradshaw are likelier to be located in California than in Texas, within subpoena range of California courts. The records of the Defendants, which are California business entities, are likewise likelier to be found in California than in Texas. Thus, the relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, and the cost of attendance for willing witnesses all favor proceeding in California rather than in Texas.

**Public Concerns.** With respect to public concerns, the plaintiff has brought a claim under a California statute, specifically California Labor Code § 1102.5, California's whistleblower protection law. Petition ¶¶ 33, 62-66. A district court sitting in California is likely to be familiar with California statutes such as this one. As noted in the Tax Tiger Defendants' reply in support of venue transfer (Dkt. 9), the U.S. District Court for the Eastern District of California has cited this statute at least 150 times in the last 10 years, while this court appears never to have cited it at all.

In addition, California has a larger stake in this case than Texas does, particularly in light of the conduct of the parties so far. Bradshaw—the only defendant to have had dealings with the Plaintiff in Texas—has not responded to the complaint, or filed anything in state or federal court.[4] The Tax Tiger Defendants, who have been defending themselves, are not alleged to have done *anything* relevant in Texas. The case against them, the only case to have shown any

---

[4] In fact, the plaintiff has already filed a motion for interlocutory (default) judgment against Bradshaw in the state court. Dkt. 8, p. 530. If the court has any concerns about the role of Bradshaw linking this case to Texas, the court could grant the Tax Tiger Defendants' motion to sever (Dkt. 10) before ruling on this motion.

activity so far, has nothing to do with Texas at all—it is about events supposed to have taken place between themselves and Bradshaw in California.  The state and people of California have an interest in ensuring that their business entities do not control and manipulate each other in nefarious ways. The state and people of Texas have little interest in this question.

In the event that Bradshaw *does* start to take an active role in this case, a possible complicating factor arises, as already noted in the Tax Tiger Defendants' motion to transfer (Dkt. 4).  The plaintiff claims that Bradshaw breached a contract by failing to pay him, Petition ¶¶ 25, 27, 31.  Broadly speaking, his claims against the Tax Tiger Defendants are based on the idea that these defendants "controlled" Bradshaw, so as to cause the breach.  Petition ¶¶ 34-35, 46-47.  Thus, if Bradshaw starts taking active part in this case and the plaintiff's claims lead anywhere, they could conceivably lead to a cross-claim between the defendants based on their contractual relations as defined by Ex. B to the Petition.  By its terms the contract between these defendants is governed by California law and all disputes must either be arbitrated or tried in the state or federal courts of Sacramento, California.  Petition, Ex. B., ¶¶ 22.1, 22.3.  If this case is dismissed for *forum non conveniens*, it can be brought in either the state or federal courts of Sacramento, and any such issues can be litigated (or, if necessary, transferred) where they are supposed to be litigated as part of the same case, to the benefit of judicial economy.

Thus, the private and public concerns from *Vasquez v. Bridgestone/Firestone, Inc.* strongly favor dismissal.

## **CONCLUSION**

The court should dismiss the case without prejudice, and direct that any future filing be made in either the state or federal courts of California.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | *Sean C Timmons* |
|  | Sean C. Timmons, Esq., LL.M. |
|  | Managing Partner, Tully Rinckey PLLC |
|  | Texas Bar No.: 24067908 |
|  | New York State Bar No.: 5470190 |
|  | Admitted to Practice in all Texas Federal Courts |
|  | 18722 University Blvd., Ste. 235 |
|  | Sugar Land, TX 77479 |
|  | (832) 240-3273 Phone |
|  | (281) 387-3411 Cell |
|  | (832) 241-5998 FAX |
|  | Stimmons@tullylegal.com |
| January 21, 2025 | Attorney for Plaintiff |

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above was served on Mr. Nate Brown, Esq., Texas State Bar No. 24133243, counsel for the plaintiff, by electronic mail at nate@natebrownlaw.com, on or about January 21, 2025.

*Sean C Timmons*

_____

Sean C. Timmons, Esq.