UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BENJAMIN MICHAEL PERICO,<br><br>*Plaintiff*,<br><br>v.<br><br>TAX TIGER INC., TAX TIGER FRANCHISING LLC, BRADSHAW FINANCIAL SERVICES INC.,<br><br>*Defendants*. | Case No. 1:24-cv-01518-DH |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO WITHDRAW DEFENDANTS' MOTION TO TRANSFER

TO THE HONORABLE JUDGE HOWELL:

BENJAMIN MICHAEL PERICO, Plaintiff, files this Response in opposition to Defendants TAX TIGER INC and TAX TIGER FRANCHISING LLC's (the Tax Tiger Defendant's) Motion to Withdraw Defendants' Motion to Transfer. In this regard, Plaintiff would respectfully show the Court as follows:

### I. PROCEDURAL HISTORY

On September 30, 2024, Plaintiff filed this action against the Tax Tiger Defendants and Bradshaw Financial Services Inc. in the state court. ECF No. 8 at 5-88.

On October 7, 2024, defendants Tax Tiger Inc. and Tax Tiger Franchising LLC (the "Tax Tiger Defendants") came to be served. Def.'s Tax Tiger Inc.'s Return of

Service, ECF No. 8 at 223; Def.'s Tax Tiger Franchising LLC's Return of Service, ECF No. 8 at 240.

On October 21, 2024, defendant Bradshaw Financial Services Inc. came to be served. Def.'s Bradshaw Financial Services Inc.'s Return of Service, ECF No. 8 at 225.

On October 24, 2024, and October 29, 2024, the Tax Tiger Defendants filed two improper notices of removal with the state court. Def.'s Notice of Removal, ECF No. 8 at 101-04; Def.'s Notice of Removal, ECF No. 8 at 108-222. These notices of removal were not copies of removal pleadings filed in this Court. These notices could not have been copies of notices of removal, since the Tax Tiger Defendants did not file the original notice of removal in this Court until some forty-eight days later, December 11, 2024. Defs.' Notice of Removal, ECF No. 1.

On December 11, 2024, the Tax Tiger Defendants filed a notice of removal in this Court under 28 U.S.C. § 1441, based on diversity of citizenship under 28 U.S.C. § 1332. Defs.' Notice of Removal 1, ECF No. 1 at 1.

On December 12, 2024, the Tax Tiger Defendants filed a Motion to Transfer this Case to the U.S. District Court for the Eastern District of California Under 28 U.S.C. § 1404. ECF No. 4.

On December 17, 2024, Plaintiff filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. Pl.'s Mtn. Dismiss, ECF No. 5.

On December 19, 2024, the Tax Tiger Defendants filed a Motion for Leave to File a Corrected Notice of Removal in the state court. Defs.' Mtn Leave to File Corrected Notice of Removal ¶ 2, ECF No. 8 at 660. (Defendants state as reason for

filing: "Defense counsel, through a mistake, failed to file this notice in the federal court before filing it here.").

On December 27, 2024, the Tax Tiger Defendants filed a Motion to Sever the Claims Against Defendant Bradshaw Financial Services, Inc. ECF No. 10.

On January 7, 2024, Plaintiff filed a Motion to Remand. ECF No. 16.

On January 21, 2025, the Tax Tiger Defendants filed a Motion to Dismiss Based on Forum Non Conveniens. ECF No. 17.

On January 21, 2025, the Tax Tiger Defendants filed a Motion to Withdraw Tax Tiger Defendants' Motion to Transfer Venue. ECF. No. 20.

## II. ARGUMENT

The Tax Tiger Defendants' Motion to Transfer has been fully briefed and submitted to this court. ECF No. 4; ECF No. 6; ECF No. 9. However, after considerable briefing by the parties the Tax Tiger Defendants have moved to withdraw their motion to transfer venue. ECF No. 20. This Court should properly consider the Tax Tiger Defendants' Motion to Transfer and the Plaintiff's Response to place the Tax Tiger Defendants' latest Motion to Dismiss Based on Forum Non Conveniens in its proper context.

Specifically, The Tax Tiger Defendants have (1) filed numerous and repetitive motions for the mere purpose of delay and to focus the Court's attention away from their untimely and nonunanimous removal, and (2) unreasonably delayed in filing a Motion to Dismiss for Forum Non Conveniens.

> A. THE TAX TIGER DEFENDANTS HAVE FILED NUMEROUS AND REPETITIVE MOTIONS FOR THE MERE PURPOSE OF DELAY AND TO FOCUS THE COURT'S ATTENTION AWAY FROM THEIR UNTIMELY AND NONUNANIMOUS REMOVAL.

In the Motion to Dismiss Based on Forum Non Conveniens the Tax Tiger Defendants admit that the motion is mostly a repeat of their earlier Motion to Transfer. ECF No. 17 at 2 ("the argument below will partly duplicate the argument present in Dkt. 4").

The Tax Tiger Defendants also admit that remand to the state court would be a proper course. Defs.' Resp. Pl.'s Mot. Remand, ECF No. 18 at 1 ("The Tax Tiger defendants certainly did … fail to file their notice of removal in this court on time…. This court therefore has discretion to remand the case to state court."). However, the Tax Tiger Defendants continue to put forward more and repetitive motions before the Court for the mere purpose of delay.

Additionally, the Tax Tiger Defendants' repetitive motions focus the Court's attention away from the defendants' untimely and nonunanimous removal, and its improper litigation conduct. Specifically, Tax Tiger Defendants made several improper representations to the courts: (1) the Tax Tiger Defendants informed the state court that it had removed the action twice when it had not, (Def.'s Notice of Removal, ECF No. 8 at 101-04; Def.'s Notice of Removal, ECF No. 8 at 108-222), (2) the Tax Tiger Defendants represented to the state court on October 29, 2024, that "Upon further information and belief Bradshaw Financial Services Inc. would consent to the removal" when it had not communicated with Bradshaw Financial Services Inc. about the litigation until December 12, 2024, (Def.'s Notice Removal, ECF No. 8

at 108; ECF No. 8 at 759-60), and (3) the Tax Tiger Defendants represented to this Court that Bradshaw Financials Service Inc.'s had consented to the removal by proffering an email exchange between the Tax Tiger Defendants' counsel and Bradshaw, where Bradshaw gave authority to an adverse party's attorney (the Tax Tiger Defendants) to make representative filings on its behalf in the same litigation. Defs.' Mot. Severe, ECF No. 10 at 1 ("While Bradshaw has expressed its consent to removal (att.1), it has not entered an appearance in either state or federal court…"); Bradshaw Email, ECF No. 10-1 ("[Y]ou have consent from Bradshaw to file any and all necessary case pleadings including removal documents"); Defs.' Mot. Transfer, ECF No. 4 ("Thus, if the plaintiff's claims lead anywhere, they could conceivably lead to a cross-claim between the defendants based on their contractual relations.")

> B. THE TAX TIGER DEFENDANTS HAVE UNREASONABLY DELAYED IN FILING A MOTION TO DISMISS FOR FORUM NON CONVENIENS.

A motion to dismiss for forum non conveniens must be filed "within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the Defendant. *In re Air Crash Disaster near New Orleans*, 821 F.2d 1147, 1165 (5th Cir. 1987) (en banc), vacated and remanded on other grounds, 490 U.S. 1032 (1989). "[A] defendant's dilatoriness promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve." *Id.*

Here, the Tax Tiger Defendants filed a Motion to Transfer on December 12, 2024, 49 days before filing a Motion to Dismiss Based on Forum Non Conveniens on January 30, 2025. ECF No. 4; ECF No. 17. In the Motion to Dismiss Based on Forum

Non Conveniens the Tax Tiger Defendants admit that the motion is mostly a repeat of their earlier Motion to Transfer. ECF No. 17 at 2 ("the argument below will partly duplicate the argument present in Dkt. 4").

Thus, the facts and circumstances were reasonably known to the Tax Tiger Defendants 49 days earlier. Yet, the Tax Tiger Defendants' dilatoriness in filing their Motion to Dismiss for Forum Non Conveniens promoted and allowed the incurrence of costs and inconvenience to the parties that the doctrine is meant to relieve. *See In re Air Crash Disaster near New Orleans*, 821 F.2d at 1165.

FOR ALL THESE REASONS, we ask this Court to DENY Defendants' Motion to Withdraw Defendants' Motion to Transfer, and grant all other relief to which the Plaintiff is entitled.

                                                Respectfully submitted,

                                                /s/ Nate Brown
                                                Nate Brown
                                                Texas State Bar No. 24133243
                                                Massachusetts BBO No. 712497
                                                The Law Office of Nate Brown
                                                108 Wild Basin Rd S Ste 250
                                                Austin, Texas 78746
                                                nate@natebrownlaw.com
                                                512.775.6000

                                                ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the above request has this day Tuesday, February 4, 2025, been filed with the Clerk of the Court using the CM/ECF System, thus providing notice to the following CM/ECF participant:

Sean C. Timmons
18722 University Blvd., Ste. 235
Sugar Land, Texas 77479
stimmons@tullylegal.com
Attorney for defendant

/s/ Nate Brown_____
Nate Brown