## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **BENJAMIN MICHAEL PERICO,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:24-CV-01518-ADA** |
| | § | |
| **TAX TIGER INC., ET AL.,** | § | |
| *Defendants* | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
       UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Benjamin Michael Perico's motion to remand, Dkt. 16, and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge grant the motion.

### I.       BACKGROUND

This case stems from Defendants Tax Tiger Inc., Tax Tiger Franchising LLC, and Bradshaw Financial Services Inc.'s alleged nonpayment for services and violations of California whistleblower protections. *See* Dkt. 1-3, at 10-13. Perico filed his state-court petition on September 30, 2024. Dkt. 1-3, at 2. Tax Tiger Inc. and Tax Tiger Franchising LLC were served on October 7, 2024. Dkts. 5-4; 5-5. Bradshaw Financial Services was served on October 21, 2024. Dkt. 5-6.

Defendants Tax Tiger Inc. and Tax Tiger Franchising LLC (the "Tax Tiger Defendants") filed their notice of removal under 28 U.S.C. § 1441 on December 11, 2024, 65 days after service. Dkt. 1. Bradshaw Financial Services ("Bradshaw") has

not yet appeared in this federal-court action and did not sign the Tax Tiger Defendants' notice of removal. *See id.*

Perico filed a timely[1] motion to remand, arguing that the Tax Tiger Defendants' notice of removal was untimely filed. Dkt. 16, at 5. Perico further argues that remand is proper here because Bradshaw did not consent to removal. *Id.* at 6. The Tax Tiger Defendants responded, admitting that they failed to timely file their notice of removal with this Court. Dkt. 18, at 1.

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 377). Any ambiguities should be strictly construed in favor of remand. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Section 1446 establishes the procedures for removal. 28 U.S.C. § 1446. It provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action

---

[1] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

2

or proceeding is based[.]" *Id.* § 1446(b)(1). This 30-day clock begins only when a party is properly served. *Gregory v. Bank of Am., N.A.*, No. 6:14-cv-564-XR, 2014 WL 3897808, at *1 (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999)). Additionally, under the "rule of unanimity," all defendants "must either sign the original petition for removal or timely file written consent to the removal." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015).

## III.    DISCUSSION

Remand is proper in this case on two bases. First, Bradshaw has not consented to the removal. Section 1446 requires that "*all* defendants who have been properly joined and served [] join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). Defendants may join in or consent to the removal by signing the original petition for removal or timely filing written consent to the removal. *Powers*, 783 F.3d at 576. Bradshaw has not done so and has not appeared in this action at all. *See* Dkt. 1. The email from Katy Bradshaw, Bradshaw's registered agent, permitting counsel for the Tax Tiger Defendants to file "any and all necessary case pleadings including removal documents" is insufficient, since Bradshaw has not filed a written consent. Dkt. 18-1, at 2; *see* Dkt. 1-3, at 4 (identifying Katy Bradshaw as Bradshaw's registered agent).

The Tax Tiger Defendants posit that this Court may still exercise jurisdiction over this case through severing Bradshaw because it was not properly joined or served. *See* Dkt. 10, at 3 (motion to sever). But the time to remove is triggered by formal service of the summons and complaint, and the record demonstrates that

3

Bradshaw *was* properly joined and served. Dkt. 5-6, at 1 (return of service including citation and plaintiff's original petition); *Murphy*, 526 U.S. at 347-48 ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint[.]"). Because this Court may not exercise jurisdiction where, as here, not all defendants have joined or consented to the removal, the undersigned recommends that the District Judge remand this case.[2] *See Powers*, 783 F.3d at 576 (citing *Harris v. Edward Hyman Co.*, 664 F.2d 943, 944 n.3 (5th Cir. 1981) (explaining that the federal removal statute has been interpreted to require that all defendants join in the removal petition)).

Second, this Court should remand because the Tax Tiger Defendants failed to satisfy the threshold statutory requirement that a defendant file its notice of removal within 30 days of service. 28 U.S.C. § 1446(b)(1). The Tax Tiger Defendants removed this action 65 days after they were served. Dkts. 1; 5-4; 5-5. Perico timely objected to the procedural deficiency in his motion to remand, which he filed 27 days after the notice of removal. *See* Dkt. 16; 27 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under § 1446(a)."). As they admit, the Tax Tiger Defendants have not satisfied their burden of establishing the timeliness of removal. Dkt. 18, at 1; *Gregory*, 2014 WL 3897808, at *1 (stating that the defendant bears the burden of establishing the timeliness of removal). The

---

[2] To the extent it is not rendered moot upon the District Judge's adoption, if any, of the other recommendations in this report, the undersigned recommends that the District Judge deny the Tax Tiger Defendants' motion to sever, Dkt. 10.

undersigned therefore recommends that the District Judge grant Perico's motion to remand.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Perico's motion to remand, Dkt. 16, and **DENY** the Tax Tiger Defendants' motion to sever, Dkt. 10. If the District Judge adopts the recommendations, all remaining motions in this case will be rendered **MOOT**. Dkts. 4; 5; 17; 20; 27.

The referral to the Magistrate Judge should now be canceled.

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 27, 2025.

_____

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE